IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHARLES WELDON BEAN, | ) | Case No.  12-20359 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| TRACY ZUBROD, Chapter 7 Trustee | ) | |
| of the Bankruptcy Estate of | ) | |
| Charles Weldon Bean, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.  12-2018 |
| | ) | |
| KERRY LEE BEAN, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
10:26 am, 8/2/13
Tim J. Ellis
Clerk of Court

## OPINION

On July 11, 2013, this matter came before the court for hearing on the Motion for Summary Judgment and Judgment on the Pleadings filed by Kerry Bean ("Defendant") and the limited objection filed by Tracy Zubrod ("Plaintiff"). At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the pleadings, including all the supplemental pleadings regarding this matter, the parties' arguments and applicable law, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(1). The motion is brought under Fed. R. Civ. P. 56, made applicable in adversary proceedings by

Fed. R. Bankr. P. 7056 and 7012(c).[1]

**Undisputed facts**

Charles Bean ("Debtor") and Defendant were married. During the marriage, Debtor and Defendant acquired the real property located at 1560 Snowy Ridge Road, Laramie, Wyoming ("Bullseye Property"). The couple owned the property as husband and wife, tenants by the entireties. On June 28, 2007, Debtor's and Defendant's Decree of Divorce ("Decree") was entered by the Second Judicial District Court, State of Wyoming. On that same date, the Separation, Property Settlement and Child Custody Agreement ("Property Settlement") was approved by the court and incorporated into the Decree. As part of the Property Settlement, Debtor was awarded, "as his sole and separate property...(2) All interest, including that of Wife, in the real property located at 1560 Snowy Range Road, also known as the Bullseye Laramie building..." The Property Settlement also states:

> "Wife shall retain her legal interest in the title to said real property until such time as the second and third mortgages on the property at 4850 Mesquite Lane [Residence] have been paid and she has been released from any liability in connection with Husband's business. At such time, Wife shall execute a QuitClaim Deed in said property to Husband."

Debtor was liable for all the real and personal taxes regarding this property and his business, "along with all mortgage indebtedness...holding Wife [Defendant] harmless." Debtor was expected to refinance the mortgage on the property and line-of-credit loan to

---

[1] Unless otherwise indicated all future statutory references are to the United States Bankruptcy Code, 11 U.S.C. 101 *et seq.*

Page 2

release the Wife for any indebtedness on the Bullseye Property.

Debtor failed to pay the balance of the third mortgage on the residence, nor did he refinance the mortgage and line-of-credit loan on the Bullseye Property. Therefore, Defendant did not execute a quitclaim deed transferring the Bullseye Property to the Debtor.

Debtor filed for chapter 7 bankruptcy protection on April 16, 2012. Debtor listed the Bullseye Property as an asset on his Schedule A, stating "held jointly with ex-wife," valuing the property at $228,022.00 and claiming that the property was encumbered by a secured claim in the amount of $143,825.26.

Plaintiff initiated this adversary proceeding by filing a complaint requesting authority to sell the Bullseye Property pursuant to § 363(h). Defendant filed her answer on June 12, 2012, contending that the property was subject to the payment of certain debts specified in the Property Settlement, therefore she was not required to execute a quitclaim deed to turn her portion of the property over the Debtor's bankruptcy estate; that the Decree granted her an "ongoing and secured interest in the property until debtor performs certain obligations...:" and agreed that the "property should be listed with a real estate agent and the property sold." On January 16, 2013, the Plaintiff and Defendant filed a *Stipulated Motion for Approval of Agreement Regarding Sale of Property and Pending Adversary Case*, providing the Trustee authority to retain a real estate agent and sell the Bullseye Property and place any net proceeds from the sale in the bankruptcy

Page 3

estate's account "pending the outcome of this adversary proceeding." The Bullseye Property sold, resulting in net proceeds in the amount of $27,186.67.

**Discussion**

The Trustee filed this adversary complaint to obtain this court's authority to sell the Bullseye Property under § 363(h) which states:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if -
> (1)  partition in kind of such property among the estate and such co-owners is impracticable;
> (2)  sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners;
> (3)  the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4)  such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

Defendant's response and subsequent stipulation asserted that the Defendant did not object to the Trustee retaining a broker and selling the Bullseye Property. Defendant asserts numerous issues regarding the distribution of the net proceeds, requesting this court enter summary judgment or alternatively, judgment on the pleadings.

(1)   Judgment on the pleadings

The Federal Rules of Bankruptcy Procedure provides, "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the

pleadings."[2] The same standard is applied for Rule 7012(c) motions as for motions made pursuant to Rule 7012(b).[3] While technical fact pleading is not required, the complaint must provide enough factual allegations for a court to infer potential victory.

Mootness issue:

Defendant asserts that as the Bullseye Property has been sold, pursuant to the Trustee's complaint, this matter is now moot requiring another adversary proceeding to determine the distribution of the sale's net proceeds. This court disagrees. The Bankruptcy Code provides:

> "After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate."[4]

The court finds that the distribution of the net proceeds from the § 363(h) sale are statutorily required and part of this adversary proceeding. Defendant's request for a judgment on the pleadings is denied.

(2)    Summary Judgment

A party claiming relief may move, with or without supporting affidavits, for

---

[2] Fed. R. Bankr. P. 7012(c).

[3] *Ivey v. McDaniel (In re EBW Laser, Inc.)*, Case No. 05-10220C-7G, Adversary No. 07-2004, 2008 Bankr. LEXIS 1276 (Bankr. M.D. N.C. Apr. 21, 2008).

[4] § 363(j).

summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosed materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[5] An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim.[6] In considering a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party.[7] Summary judgment may be granted to a non-moving party if the facts are fully developed at the summary judgment hearing so that the court of appeals can determine that the nonmoving party clearly was entitled to a judgment as a matter of law and there is no procedural prejudice to the moving party.[8] The non-moving party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[9]

Defendant filed a supplement to her motion for summary judgment stating that the only remaining issue is the distribution of the net proceeds from the sale of the Bullseye Property.

---

[5] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

[6] *Thomas v. Metropolitan Life Insurance Co.*, 631 F.3d 1153 (10th Cir. 2011).

[7] *Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136 (10th Cir. 2008).

[8] *Faustin v. City and County of Denver*, 423 F.3d 1129 (10th Cir. 2005).

[9] *Id.*

Defendant asserts that based upon the "clear language of the Divorce Decree and this Court's Summary Judgment in Adversary Proceeding 12-2025, the Court should grant Defendant Summary Judgment herein and order the Plaintiff to turnover to Defendant the sum of $27,186.67, plus all interest accrued thereon."

(a)   <u>Parties' interests in the net proceeds</u>

Prior to the divorce, Debtor and Defendant owned the Bullseye Property as tenants by the entirety. Defendant asserts that as Debtor did not comply with the terms of the Property Settlement, she still has an interest in the property which the Trustee has attempted to extinguish. Plaintiff alleges that she is not attempting to extinguish Defendant's interest in the property, or in this case, the proceeds from the sale of the property but is attempting to distribute to the Defendant her one-half interest of the proceeds. Defendant requests, by summary judgment, that this court rule that the entire net proceeds be distributed to her on the following basis: (1) her interests are secured and encompass the entire net proceeds; (2) that this court's order regarding Debtor's dischargeabilty determined that Defendant's interest in the property was the amount of Debtor's default so the estate's interest in the Bullseye Property would only be any equity above the amounts of the mortgages and other encumbrances against the property and amount Debtor was to pay Defendant pursuant to the Divorce Decree; or (3) that the Rooker-Feldman doctrine is applicable to this proceeding.

Plaintiff argues that the Defendant owns a one-half interest in the net proceeds

from the sale of the Bullseye Property and that Defendant's damage claims are unsecured claims against the bankruptcy estate.

This court agrees that Defendant has an interest in the Bullseye Property and subsequently to the net proceeds from its sale. The fundamental issue before the court is to determine each parties' interest in those proceeds.

Debtor and Defendant owned the Bullseye Property as tenants by the entireties. The Decree and Property Settlement granted the Debtor all the interest in the Bullseye Property, contingent upon the Debtor meeting certain conditions, i.e. payment of mortgages and other debts. Debtor failed to meet those conditions. On the date that the Debtor filed for chapter 7 bankruptcy protection, Debtor and Defendant each maintained their interest in the Bullseye Property as tenants by the entireties.[10] A bankruptcy debtor's property passes to the estate automatically upon filing a petition.[11] A debtor's interest in property as tenants by the entireties is property of the estate under § 541(a)(1).[12] Debtor's interest in the Bullseye Property became property of his bankruptcy estate at the time he filed his petition. Under *Wanandy*, the non-exempt entireties property can be used to satisfy joint creditor claims. The court, having reviewed the

---

[10] Although the majority view holds that tenancy by entirety is changed into a tenancy in common with a divorce, this court does not find Wyoming statutory authority or case law that Wyoming has joined the majority view. The Wyoming Supreme Court has not ruled on this specific point. Jerry W. Housel, *Tenancy by Entirety in Wyoming*, 3 Wyo. L.J. 66 1948 and a search of subsequent case law.

[11] *In re Wenande*, 107 B.R. 770 (Bankr. D. Wyo. 1989).

[12] *Id* at 775.

evidence, schedules and pleadings, is unable to determine the extent in which the Debtor's unsecured creditors, may be joint creditors. This is a genuine issue of material fact that is essential to the determination of the distribution of the net proceeds. Summary judgment may not be entered on this issue.

(1) <u>Are Defendant's interests secured, encompassing the entire net proceeds</u>?

The court reviewed the Decree, Property Settlement and cited law. The court did not find any language in either the Decree or Property Settlement that created a lien on the Bullseye Property. In *Watkins*, the divorce judgment contained language giving a lien to the creditor.[13] However, this court's review of the Decree and Property Settlement does not reflect that the Defendant was granted a lien by the language of either document. Defendant did not provide evidence that she is a secured creditor. Having reviewed the evidence in the light most favorable to the Plaintiff, the court finds the claim is not secured and under Rule 7056(g)(1) grants summary judgment to Plaintiff.

(2) <u>Did the court's order regarding the dischargeability of Defendant's claim determine Defendant's interest in the Bullseye Property?</u>

Defendant asserts that the court's findings in the Decision on Motion for Summary Judgment ("Decision") entered on April 29, 2013 regarding the dischargeability of Defendant's claim, is a finding that on the date that the Debtor filed his bankruptcy petition, Defendant's interest in the Bullseye Property was the amount

---

[13] *Watkins v. Watkins*, 922 F.2d 1513 (10th Cir. 1991).

Page 9

that the court found as non-dischargeable. This court disagrees with Defendant's interpretation of the Decision. Defendant is lumping together two separate and distinct issues, i.e., that of (1) a determination of dischargeability of claims; and, (2) Debtor's/Defendant's interest in the Bullseye Property. Reviewing the evidence in the light most favorable to the non-moving party, the court does not find that the Defendant's interest was established by the court's Decision and denies the motion for summary judgment on this issue and under Rule 7056(f)(1) grants summary judgment to Plaintiff on this issue.

(c)     Rooker-Feldman doctrine

The Rooker-Feldman doctrine provides that lower-level federal courts lack subject-matter jurisdiction to review certain state court rulings. The doctrine is application to federal bankruptcy courts. The Rooker-Feldman doctrine occupies narrow ground and is limited to a confined class of cases. It applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the bankruptcy proceedings commenced and ask the bankruptcy court to review and rejection those judgments.[14] Upon review, this court finds Defendant's argument is not applicable. The Plaintiff is not attempting to have this court review and reject the state court's Decree and Property Settlement, but to interpret and apply the state court

---

[14] *Iannini v Deutsche Bank. Nat'l Trust Co. (In re Iannini)*, 2010 U.S. Dist. Lexis, Civil Action No. 1055. 2010 U.S. Dist. LEXIS 50768 (D.C. W.D. Penn, May 24, 2010)

judgment. Therefore, the court finds that this argument does not apply to the facts and circumstances of this case.

**Conclusion**

Based upon the above analysis, the court finds (1) that Defendant's request for a judgment on the pleadings is denied; (2) the parties' interest in the net proceeds must be determined by the submission of testimony and other evidence; (3) Defendant's interests in the net proceeds are not a secured interest based upon the Decree and Property Settlement; (4) this Court's Decision determining the dischargeability of Defendant's claim did not establish Defendant's interest in the net proceeds; and (5) the Rooker-Feldman doctrine is inapplicable to the facts and circumstances before the court.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 2 day of August, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
 Paul Hunter
 Stephen Winship